UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAMELA WINGATE, | ) | CASE NO: 1:16-CV-1785 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WAL-MART STORES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the undersigned upon referral for general pre-trial supervision. (Doc. No. 9.) Currently pending is Defendants Wal-Mart Stores, Inc.'s and Hosley International's oral Motion to Dismiss with Prejudice for Failure to Prosecute. For the following reasons, the Court recommends Defendants' Motion be GRANTED IN PART and DENIED IN PART, and this action be dismissed without prejudice for failure to prosecute.

**I.    Procedural Background**

Plaintiff Pamela Wingate, through counsel, filed a Complaint in the Medina County Court of Common Pleas on June 9, 2016. (Doc. No. 1-1.) On July 13, 2016, Defendants Wal-Mart Stores, Inc. and Hosley International, Inc. removed the Complaint to this Court on the basis of diversity jurisdiction. (Doc. No. 1.) While Plaintiff's Complaint was filed by counsel in state court, counsel subsequently withdrew and Plaintiff initially proceeded *pro se* in this matter. (Doc.

1

No. 8.)

On December 20, 2016, this matter was referred to the undersigned for pre-trial supervision, including holding a Case Management Conference ("CMC"). (Doc. No. 9.) On December 21, 2016, the undersigned issued an Order setting an in-person CMC for January 10, 2017 at 9:30 a.m. (Doc. No. 11.) On January 4, 2017, Defendants filed a Report of Parties' Planning Meeting. (Doc. No. 12.) Therein, counsel for Defendants indicated Plaintiff had not responded to his communications and, therefore, the parties had not met as required by Local Rule 16.3(b)(3). (*Id*. at 1.)

Plaintiff did not appear for the CMC on January 10, 2017, nor did she file a motion or otherwise contact the Court to seek a postponement. (Doc. No. 13.) Counsel for Defendants appeared for the CMC. He confirmed he had attempted to contact Plaintiff by mail but had not received any response. A Show Cause Hearing was set for January 25, 2017, at which time Plaintiff was ordered to "appear and Show Cause why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 16(f)." (Doc. No. 14.) This Order also stated that: "**Failure to comply with this Order may result in a Report & Recommendation that this matter be dismissed."** (*Id*.) (emphasis in original).

Plaintiff did not appear for the Show Cause Hearing on January 25, 2017, nor did she file a motion or otherwise contact the Court to seek a postponement. (Doc. No. 17.) However, attorney Michael Callow appeared at the Hearing on Plaintiff's behalf. Mr. Callow confirmed on the record that he believed he had been retained by Plaintiff, but had not yet filed a Notice of Appearance. The Court issued a Minute Order, which provided as follows:

The Court's January 10, 2017 Show Cause Order required Plaintiff to appear at

> today's Hearing and show cause why this matter should not be dismissed for failure to prosecute. (Doc. No. 14.) Plaintiff did not appear and the Court therefore finds she is in violation of the Show Cause Order. As discussed during the Hearing, if he has in fact been retained, counsel for Plaintiff shall file a Notice of Appearance in the above captioned matter by no later than 3:00 p.m. today. Counsel for both parties shall then participate in a Parties' Planning Meeting as required by Local Rule 16.3(b)(3) and this Court's Case Management Conference Scheduling Order (Doc. No. 11.) A telephonic Case Management Conference ("CMC") will be conducted with counsel on Monday, February 27, 2017 at 9:30 a.m. A report of the Parties' Planning Meeting shall be jointly signed and submitted to the Clerk for filing not less than five (5) business days before the CMC.
>
> If Plaintiff's counsel does not file a Notice of Appearance by 3:00 p.m. today, the Court will proceed to rule in accordance with the January10, 2017 Order to Show Cause.

(Doc. No. 17.) Mr. Callow filed a notice of appearance later that day. (Doc. No. 16.)

Pursuant to the Court's Order, a Parties' Planning Report was due by no later than February 21, 2017. (Doc. No. 17.) Counsel, however, failed to submit a Parties' Planning Report. Rather, in an email to the Court, Defense counsel indicated no Report had been filed because Mr. Callow had communicated an intent to withdraw "in the next few days." (Doc. No. 18.) On February 22, 2017, the Court issued an Order converting the February 27, 2017 telephonic CMC to an in-person CMC at 9:30 a.m. on that same date. (*Id*.) This Order provided that "**Lead counsel for both parties are required to be present, as well as Plaintiff Pamela Wingate and representatives for Defendants.[1] Failure to comply with this Order may result in a Show Cause Order and/or sanctions.**" (*Id*.)(emphasis in original).

On February 24, 2017, Mr. Callow filed a "Motion to Withdraw as Attorney." (Doc. No. 20.) In the Motion, Mr. Callow stated that "circumstances have arisen in the representation of

---

[1] Defendants later moved to excuse the personal attendance of their representatives, which motion was granted on February 23, 2017. (Doc. No. 19.)

3

the case which cause counsel to be a witness in an ancillary matter and as such his continued representation may be inappropriate." (*Id.*) Specifically, Mr. Callow asserted that:

> The ancillary matter involves a contract between plaintiff and a settlement funding company. The contract includes a forged signature of counsel and correspondence involving this transaction involves forged or fake emails purporting to be authored by counsel. These forged and/or fake materials may now be the subject of criminal investigation and may not be the subject of complaint filed with the Florida better business bureau. These forged and/or fake materials are not the subject of an Ohio grievance complaint. Although counsel has not determined the source of the fake or forged materials, counsel is a witness to the fact that this is not his authentic email account, these are not authentic email communications from him, and his signatures are not authentic.

(*Id.* at 1-2.)

On that same date, Mr. Callow filed a "Motion for Permission to File Documents in Support of Motion to Withdraw Under Seal." (Doc. No. 21.) Mr. Callow indicated that "said documents were secured by counsel through a confidential source, which is evident upon a review of the documents, and of which should remain confidential." (*Id.*) Before allowing the Court the opportunity to rule on the motion, Mr. Callow filed the documents themselves as a "Supplement." (Doc. No. 22.)

Mr. Callow and Defendants' counsel Daniel Haude appeared for CMC on February 27, 2017. (Doc. No. 23.) Mr. Callow, on the record, confirmed he had advised Ms. Wingate that she was required to personally attend the CMC; however, she did not appear. Rather, on the morning of the CMC, Plaintiff called the Court to advise she was on her way but running late and expected to arrive in thirty minutes. Shortly thereafter, Plaintiff emailed the Court to state she would not be able to attend the CMC because of an unexpected medical issue relating to her daughter. In addition, on the morning of February 27, 2017, Plaintiff emailed a letter to the

4

Court, in which she requested a continuance in order to allow her to retain new counsel. (Doc. Nos. 24-1, 24-2.)

The Court recounted the above sequence of events on the record. Defense counsel indicated Defendants did not intend to oppose either Mr. Callow's Motion for Leave to Withdraw as Counsel (Doc. No. 20), or his Motion for Permission to File Documents under Seal (Doc. No. 21.) The Court orally granted both motions at the CMC. (Doc. No. 23.) The Court subsequently issued a written Order the following day granting Mr. Callow's Motions. (Doc. No. 24.) In addition, the Court issued an Order setting an in-person CMC for Tuesday, March 14, 2017 at 10:30 a.m. (Doc. No. 23.) The Order provided, in relevant part, as follows:

> **This matter is set for an in-person Case Management Conference on Tuesday, March 14, 2017 at 10:30 a.m. <u>Plaintiff Pamela Wingate is required to attend this conference in person</u>. If she has retained new counsel, counsel shall also be required to attend in person. Plaintiff is expressly advised that failure to comply with this Order may result in sanctions, including but not limited to a Report & Recommendation that this matter be dismissed for failure to prosecute.**

(*Id*. at 2) (bold and underline in original).[2]

On March 14, 2017, Defendants' counsel appeared for the in-person CMC. Plaintiff, however, again failed to appear. Nor did she contact the Court in any fashion prior to or on the day of the CMC to seek a continuance or explain her absence. At the CMC, Defendants orally moved, on the record, that this matter be dismissed with prejudice both as a sanction and for failure to prosecute. The basis of Defendants' motion was Plaintiff's repeated pattern of failing to appear for Court proceedings and disregard for this Court's Orders.

---

[2] The Order also required Defendants' counsel to appear at the March 14, 2017 CMC, but excused the personal attendance of Defendants' representatives. (Doc. No. 23.)

5

The Court indicated it would take the matter under advisement, and issue a Report & Recommendation on the motion.

**II.    Legal Standard**

The Sixth Circuit has held that "a district court has three different sources of authority to dismiss a case for failure to prosecute." *Rogers v. City of Warren*, 2008 WL 5054337 at * 4 (6th Cir. Nov. 26, 2008). *See also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094, n. 1 (6th Cir.1994). The first source is Fed. R. Civ. P. 16(f), which permits dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference. *See* Fed. R. Civ. P. 16(f)(1)(A). The second source is Fed. R. Civ. P. 41(b), which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order.[3] The third source is the court's inherent power to "protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court...." *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir. 2005) (unpublished) (citing *Cooke v. United States*, 267 U.S. 517, 539, 45 S.Ct. 390, 69 L.Ed. 767 (1925)).

Analysis under all three sources is governed by the same standard. The Sixth Circuit applies the following four-factor test to assess the appropriateness of a district court's decision to involuntarily dismiss a complaint:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate

---

[3] "Although Rule 41(b) does not expressly provide for a *sua sponte* dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)." *Rogers*, 2008 WL 5054337 at fn. 4. *See also McConnell v. Comm'r of Soc. Sec.*, 2014 WL 2155090 at * 2 (N.D. Ohio May 22, 2014).

> could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*See Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001).  *See also U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978, *4 (6th Cir. Oct. 25, 2016); *Rogers*, 2008 WL 5054337 at * 5; *WRK Rarities, LLC v. U.S.*, 2014 WL 7507282 at * 1 (N.D. Ohio Nov. 26, 2014).  The above factors (the "*Mulbah* factors") balance the competing concerns of "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims" with the preference for disposition of cases on their merits.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

 *Pro se* plaintiffs are held to less stringent standards than attorneys, however, cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders. *McConnell*, 2014 WL 2155090 at * 2.  *See also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (finding that *pro se* litigants are not to be accorded with any special consideration when they fail to adhere to readily-comprehended court deadlines).

 To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005).  *See also U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at *4.

 The Sixth Circuit has held, for purposes of the second factor, that a defendant is prejudiced by the plaintiff's conduct where the defendant "waste[d] time, money, and effort in

7

pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Rogers*, 2008 WL 5054337. *See also Wu*, 420 F.3d at 644; *U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at * 6.

As for the third factor, "[p]rior notice, or the lack thereof, is ... a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *See U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at * 6. Indeed, the Sixth Circuit "has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644.

Finally, "the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at * 6. Such caution is necessary because "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court exercised its discretion with appropriate forethought." *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368–69 (6th Cir. 1997).

**III. Analysis**

The balance of the four *Mulbah* factors supports dismissal without prejudice. With regard to the first factor, the Court finds Plaintiff has willfully failed to prosecute this action in a number of ways and on a number of occasions. First, Plaintiff failed to respond to Defendants' attempts to communicate with her to complete a Report of Parties' Planning Meeting, as required

8

by this Court's Case Management Conference Scheduling Order and Local Rule 16.3(b)(3). (Doc. Nos. 11,12.)  Second, Plaintiff failed to appear for no less than four Court proceedings, despite being expressly ordered on each occasion to attend in person.  Specifically, the record reflects the following:

- Plaintiff failed to appear for the January 10, 2017 CMC despite the fact the Court's CMC Scheduling Order expressly provided that "the conference shall be attended by all named individuals."  (Doc. No. 11 at 2.)

- Plaintiff failed to attend the January 25, 2017 Show Cause Hearing, despite being expressly ordered to attend in person and "Show Cause why this matter should not be dismissed for failure to prosecute."  (Doc. No. 14, 17.)  Although an attorney did appear on her behalf, Plaintiff was nonetheless required under the terms of the Court's Order to appear in person and failed to do so.

- Plaintiff failed to appear for the February 27, 2017 CMC, despite the fact this Court's Order stated that: "Lead counsel for both parties are required to be present, as well as Plaintiff Pamela Wingate . . . . Failure to comply with this Order may result in a Show Cause Order and/or sanctions." (Doc. No. 18.)

- Plaintiff failed to appear for the March 14, 2017 CMC, despite being expressly ordered to appear in person. (Doc. No. 23.)  Plaintiff failed to appear and, further, failed to contact the Court to seek a postponement or explain her absence.

The Court finds the Plaintiff's repeated failure to participate in Court proceedings is more than sufficient to "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings."  *Wu*, 420 F.3d at 643.  *See also  U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at *4.  Thus, the first *Mulbah* factor weighs in favor of dismissal.

With regard to the second factor, the Court finds Defendants have suffered prejudice as a result of Plaintiff's behavior.  As noted above, a defendant is prejudiced by the plaintiff's conduct

9

where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Rogers*, 2008 WL 5054337. *See also Wu*, 420 F.3d at 644; *U.S. v. $506,069.09 Seized from First Merit Bank*, 2016 WL 6211978 at * 6. Here, Defendants' counsel prepared for and appeared in person for each of the four Court proceedings noted above. Defendants expended time, money and effort to prepare for these proceedings, none of which proceeded due to Plaintiff's actions. The Court therefore finds Defendants were prejudiced, and the second *Mulbah* factor weighs in favor of dismissal.

With regard to the third factor, Plaintiff was indisputably placed on notice about the consequences of failing to comply with the Court's Orders. After failing to appear for the January 10, 2017 CMC, the Court issued an Order as follows:

> **[T]his matter is set for a hearing on January 25, 2017, at 10:30 a.m., in Courtroom 10B, at which time Plaintiff is ordered to appear and SHOW CAUSE why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 16(f). Failure to comply with this Order may result in a Report & Recommendation that this matter be dismissed.**

(Doc. No. 14 at 2) (emphasis in original). Plaintiff was again warned that failure to appear could result in sanctions when the Court converted the February 27, 2017 CMC to an in-person proceeding. (Doc. No. 18) (stating "Lead counsel for both parties are required to be present, as well as Plaintiff Pamela Wingate. . . Failure to comply with the Order may result in a Show Cause Order and/or sanctions.") Finally, when the Court set the March 17, 2014 CMC, Plaintiff was ordered to attend in person and warned as follows: "**Plaintiff is expressly advised that failure to comply with this Order may result in sanctions, including but not limited to a Report & Recommendation that this matter be dismissed for failure to prosecute.**" (Doc. No. 23 at 2) (emphasis in original). Each of these admonitions have been ignored. This factor

10

weighs heavily in favor of dismissal.

Finally, less drastic sanctions have been considered in the past, and the Plaintiff's actions demonstrate they would not have the desired effect. As set forth above, the Court has previously warned Plaintiff that she could be sanctioned for failing to comply with the Court's Orders. (Doc. Nos. 14, 18.) Notwithstanding, Plaintiff has failed, again and again, to appear for Court proceedings when ordered to do so. Thus, sanctions short of dismissal are unlikely to elicit a response. At the same time, the Court is mindful that a dismissal with prejudice is an extraordinary sanction. Moreover, courts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice. *See e.g., Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589); *WRK Rarities, LLC v. United States*, 2014 WL 7507282 at * 3 (N.D. Ohio Nov. 26, 2014). Here, while Plaintiff has repeatedly ignored the Court's Orders that she appear in person, she did retain an attorney, who appeared at the January 25, 2017 Show Cause Hearing. Additionally, although she did not appear at the February 27, 2017 CMC as ordered, she did contact the Court that morning, represent that her daughter was ill, and request a continuance. Accordingly, the Court recommends the less severe sanction of dismissal without prejudice.

Based on the above, the Court finds, in the interests of justice, that the balance of the four *Mulbah* factors weigh in favor of dismissing Plaintiff's case *without* prejudice.

**IV.     Conclusion**

For the reasons discussed above, it is recommended that Defendants' oral Motion to Dismiss with Prejudice for Failure to Prosecute be GRANTED IN PART and DENIED IN

11

PART, and that this case be dismissed without prejudice for failure to prosecute.


Date: March 14, 2017                    s/ *Jonathan D. Greenberg*
                                        Jonathan D. Greenberg
                                        U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. **28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**